IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:07cr230–HEH |
| | ) | |
| TRAVIS L. CARTER, | ) | |
| | ) | |
| Petitioner. | ) | |

## MEMORANDUM OPINION
(Ordering Expansion of the Record)

Travis L. Carter, a federal prisoner proceeding *pro se*, filed this motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). (Dk. No. 24.) The Government moves to dismiss the § 2255 Motion as barred by the applicable one-year statute of limitations. Carter has not replied, and the time to do so has expired. The matter is now ripe for disposition.

### I. PROCEDURAL HISTORY

Pursuant to a plea agreement, Carter pled guilty in December 2007 to one count of possession of a firearm by a convicted felon, and on March 5, 2008 this Court sentenced him to one-hundred and twenty (120) months of imprisonment. Carter did not appeal. On June 9, 2010,[1] however, he filed the instant § 2255 Motion asserting the following claims:

Claim One: Trial counsel deficiently failed to file an appeal as requested.

---

[1] This Court deems the § 2255 Motion filed as of the date Carter placed it in the prison mailing system. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

| | |
|---|---|
| Claim Two: | Trial counsel deficiently failed to:<br>(A) "file a requested appeal and/or by failing to constitutionally advise [Carter] regarding an appeal." (Mem. Supp. § 2255 Mot. 12.)[2]<br><br>(B) "investigate the facts involved before advising [Carter] to plead guilty and by advising [Carter] to plead guilty under the circumstances." (*Id.* at 13.)<br><br>(C) "investigate, interview witnesses before advising [Carter] to plead guilty." (*Id.* at 15.)<br><br>(D) "seek a downward departure from the statutorily imposed sentence." (*Id.* at 16.) |
| Claim Three: | "[P]rosecutor committed gross misconduct in prosecuting [Carter] for the firearm when all available evidence established that [Carter] could not have so possessed the firearm." (*Id.* at 17.) |

## II. STATUTE OF LIMITATIONS FOR 28 U.S.C. § 2255 MOTIONS

All motions under 28 U.S.C. § 2255 are governed by a one-year statute of limitations. In pertinent part, 28 U.S.C. § 2255 provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] Where appropriate, the Court has corrected capitalization in quotations to Carter's submissions.

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### III. TIMELINESS OF CARTER'S § 2255 MOTION

Under 28 U.S.C. § 2255(f)(1), Carter had one year from the date his conviction became final to file a § 2255 motion in this Court. His conviction became final on Thursday, March 20, 2008—the last date to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A), 26(a) (2008); *see also Clay v. United States*, 537 U.S. 522, 527–28 (2003). Consequently, Carter was required to file his § 2255 Motion on or before Monday, March 23, 2009. However, Carter did not file his § 2255 Motion until June 9, 2010. Absent some basis for equitable tolling or a belated commencement of the limitations period, Carter's Motion is therefore barred by the statute of limitations.

Carter asserts that he is entitled to belated commencement under 28 U.S.C. § 2255(f)(4). (Mem. Supp. § 2255 Mot. 3.) Carter states that immediately after sentencing he "told his attorney that he wanted to appeal," and in response "counsel told [Carter] that he, counsel, would file the appeal . . . ." (*Id.*) Nine months later, counsel allegedly informed Carter's mother that counsel would "contact [Carter] when the appeal was finalized." (*Id.*) After approximately sixteen months of limited communication with

3

counsel, Carter avers that "on or about July 12, 2009, I caused my mother to call the Fourth Circuit Court of Appeals to request the status of my appeal, and she was directed back to my attorney for inquiry." (*Id.*) Subsequently, counsel informed Carter's mother that counsel "would contact [Carter] once the appeal was over, and she was further told that these things can take a long time." (*Id.* (internal quotation marks omitted).) "Finally, on or about April 6, 2010, [Carter] caused [his] mother to contact the Court of Appeals again regarding the appeal, and upon advising the person receiving the call as to the numerous calls to [counsel's] office to no avail, [Carter's mother] was told that there was no appeal pending in the case and further that no appeal had been filed." (*Id.* at 3–4.) Thus, Carter contends that the one-year limitations period for his § 2255 Motion should commence on April 6, 2010, the date Carter discovered counsel's failure to file an appeal.

In contrast, the Government asserts that Carter is not entitled to belated commencement or equitable tolling because "his reasons for filing his petition so far beyond the statute of limitations are incredible." (Mot. Dismiss 3.)[3] The Government, however, fails to support this contention with any adequate discussion of the pertinent facts and law. *See United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004) (holding that the Government's contentions in court documents are merely "unsworn argument[s] [that] do[ ] not constitute evidence"); *see also Peavy v. United States*, 31 F.3d 1341, 1346 (6th Cir. 1994) (reversing district court's dismissal of § 2255 motion where government failed to present evidence in support of its position and its "unverified

---

[3] Because the Government failed to number the pages of their Motion to Dismiss, the Court will refer to the page numbers provided by the Court's CM/ECF system.

responses . . . were plainly inadequate"). Nor has the Government cited any factual or legal support for its argument that "as [Carter's] credibility is undermined by the facts of the case, he is completely lacking in credibility when he claims to have exercised due diligence in timely filing the instant petition." (*Id.* at 5.)[4] Accordingly, the Government's Motion to Dismiss (Dk. No. 28) must be denied.

This Court declines to determine the timeliness of Carter's § 2255 Motion based on the current record. Instead, the record must be expanded to include additional documents as described in the accompanying Order.

## IV. CONCLUSION

The Government's Motion to Dismiss (Dk. No. 28) will be denied. The record will be expanded to include the documents described in the accompanying Order, and the Government will be ordered to file a motion for summary judgment based on the expanded record within forty-five (45) days of the date of entry hereof. Carter will have fifteen (15) days after receipt to respond to the Government's motion.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: June 14, 2012
Richmond, Virginia

---

[4] For example, regarding the Government's contention that the Rule 11 plea hearing "bear[s] on the merits of [Carter's] claims," the Government has not provided, as it must, a transcript of the Rule 11 plea hearing, nor any "cit[ations] to the relevant page of the transcript." (Nov. 16, 2010 Mem. Order (Dk. No. 27) 1 n.1.)

5