IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

FILED
JAN 31 2013
CLERK, U.S. DISTRICT COURT
RICHMOND, VA.

UNITED STATES )
)
)
v. ) Criminal No. 3:07cr230-HEH
)
TRAVIS L. CARTER, )
)
Petitioner. )

## MEMORANDUM OPINION
### (Granting Summary Judgment and Denying 28 U.S.C § 2255 Petition)

Travis Carter, proceeding *pro se*, submitted a motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). The matter is now before the Court on the Government's Motion for Summary Judgment on the ground that the relevant statute of limitations bars the action. Carter has not responded. The matter is ripe for judgment. For the reasons stated below, the Government's Motion for Summary Judgment will be granted.

### I. PROCEDURAL HISTORY

Pursuant to a plea agreement, Carter pled guilty in December 2007 to one count of possession of a firearm by a convicted felon. On March 5, 2008 this Court entered the judgment and sentenced him to one-hundred and twenty (120) months of imprisonment. Carter failed to file an appeal within the ten-day time limit then in effect. (§ 2255 Motion); Fed. R. App. P. 4 (West 2008) (amended 2009).[1] On June 9, 2010,[2] however, he filed the instant § 2255 Motion asserting the following claims:

---

[1] The 2008 rule read in relevant part: "In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A) (West 2008) (amended 2009). The 2009 amendment extended this time period from ten days to fourteen days. Fed. R. App. P. 4(b)(1)(A) (West 2011).

| | |
|---|---|
| Claim One: | Trial counsel deficiently failed to file an appeal as requested. |
| Claim Two: | Trial counsel deficiently failed to:<br>(A) "file a requested appeal and/or [failed] to constitutionally advise [Carter] regarding an appeal." (Mem. Supp. § 2255 Mot. 12.)[3]<br><br>(B) "investigate the facts involved before advising [Carter] to plead guilty and by advising [Carter] to plead guilty under the circumstances." (*Id.* at 13.)<br><br>(C) "investigate, interview witnesses before advising [Carter] to plead guilty." (*Id.* at 15.)<br><br>(D) "seek a downward departure from the statutorily imposed sentence." (*Id.* at 16.) |
| Claim Three: | "[P]rosecutor committed gross misconduct in prosecuting [Carter] for the firearm when all available evidence established that [Carter] could not have so possessed the firearm." (*Id.* at 17.) |

The Government moved to dismiss Carter's § 2255 Motion, arguing that the applicable one-year statute of limitations barred the action. By Memorandum Opinion and Order entered on June 18, 2012, the Court denied the Government's Motion to Dismiss, declining to determine the timeliness of Carter's § 2255 Motion based on the record. The Court directed Carter to provide copies of correspondence with counsel and sworn statements of both Carter and his mother, Priscilla Carter, pertaining to counsel's failure to appeal within twenty-one (21) days from the date of entry thereof. More than twenty-one (21) days have passed and Carter has not filed the requisite correspondence or

---

[2] This Court deems the § 2255 Motion filed as of the date Carter placed it in the prison mailing system. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] Where appropriate, the Court has corrected capitalization in quotations to Carter's submissions.

2

sworn statements. The Government filed the requisite documents to comply with the Court's order and moved for Summary Judgment.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a

3

verdict for the party ... upon whom the *onus* of proof is imposed." *Id.* (citation omitted) (internal quotation marks omitted). Additionally, "'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").

In support of its Motion for Summary Judgment, the Government provides an affidavit of Carter's counsel, Robert Edley, Jr. (Resp. Expand Record Attach., ECF No. 35-1) and supports its arguments with excerpts from the record.

As a general rule, a non-movant must respond to a motion for summary judgment with affidavits or other verified evidence. *Celotex Corp.*, 477 U.S. at 324. Carter fails to direct the Court to any materials in opposition. However, Carter previously submitted his own affidavit with his § 2255 Motion. Nevertheless, the facts offered by affidavit or sworn declaration must also be in the form of admissible evidence. *See* Fed. R. Civ. P. 56(c)(4). In this regard, the statement in the affidavit or sworn declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." *Id.* Therefore, "summary judgment affidavits cannot be conclusory . . . or based upon hearsay . . . ." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) (citing *Rohrbough v. Wyeth Labs., Inc.*, 916 F.2d 970, 975 (4th Cir. 1990); *Md. Highways Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1252 (4th Cir. 1991)). To the extent Carter's affidavit contains communications of his mother conveyed to him, the Court excludes these statements as inadmissible hearsay.

4

Given Carter's evident lack of interest in the proceedings, and his failure to respond to the Court's orders, the Court refuses to comb through the record and instead relies only upon the materials cited by the parties. In light of the foregoing principles, the following facts are established for the purposes of the Motion for Summary Judgment. All permissible inferences are drawn in favor of Carter.

### III. PERTINENT FACTS

Pursuant to a plea agreement, Carter pled guilty in December 2007 to one count of possession of a firearm by a convicted felon, and on March 5, 2008, this Court sentenced him to one-hundred and twenty (120) months of imprisonment.[4]

Carter states that immediately after sentencing he "requested attorney Edley to file an appeal" and that "Edley told [him] that he would file the appeal, and that it would be a lengthy process." (Carter Aff. at ¶¶ 7–8.) After not hearing from counsel, approximately nine months later, Carter asked his mother to contact counsel's office and inquire about the appeal. (*Id.* at ¶ 10.) Over the next few months, Carter requested his mother to continue to contact counsel and the Fourth Circuit to determine the status of his appeal. (*Id.* at ¶¶ 12–13). Carter learned on April 6, 2010, that counsel failed to file an appeal. (*Id.* at ¶ 15.)

Counsel Edley had no communication with Carter or his family after the February 29, 2008 sentencing regarding an appeal. (Edley Aff. at ¶ 5.) Counsel indicates that Carter never asked him to file an appeal. (*Id.* at ¶ 6.) Counsel's file contains no correspondence from Carter or any family member asking him to file an appeal, nothing

---

[4] The Court informed Carter during the sentencing hearing on February 29, 2008, that Carter must note an appeal within ten (10) days. (Feb. 29, 2008 Tr. 39.)

5

about the status of an appeal, and no correspondence from counsel to Carter regarding an appeal. (*Id.* at ¶ 7.)

## IV. ANALYSIS

### A. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Because Carter did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Wednesday, March 19, 2008, the last date to file a notice of appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citation omitted); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009)

(requiring defendant to file an appeal within ten (10) days of the entry of judgment). Thus, Carter had until Thursday, March 19, 2009 to file any motion under 28 U.S.C. § 2255. Because Carter did not file his § 2255 Motion until June 9, 2010, the statute of limitations bars the § 2255 Motion unless Carter demonstrates entitlement to a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4) or equitable tolling.

### B. Belated Commencement

Carter argues entitlement to belated commencement because he instructed his counsel to file an appeal in his case, and no appeal was ever filed. Carter contends the limitations period should commence on the day that Carter could have discovered that no appeal had been filed pursuant to § 2255(f)(4). (§ 2255 Mot. at 13.) That provision reads in relevant part: "A 1–year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Carter contends "that April 6, 2010 was the earliest date that I learned, exercising due diligence, that no appeal had been filed." (Carter Aff. at ¶ 15.)

Whether due diligence has been exercised is a fact-specific inquiry unique to each case. *Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). "Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (citation omitted). Due diligence, however, "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting

7

his claims." *Id.* (emphasis in original) (citation omitted). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Once Carter requested that counsel file an appeal, it was incumbent upon him to demonstrate that he diligently followed up with his attorney regarding the status of that appeal. *See El-Abdu'llah v. Dir., Va. Dep't Corr.*, No. 3:07CV494, 2008 WL 2329714, at *2–3 (E.D. Va. June 4, 2008). Additionally, "when counsel's communications or lack thereof indicate that something is amiss with a petitioner's appeal, due diligence requires the petitioner to act on that information." *Id.* at *2 (citation omitted).

Here, Carter was aware of the ten-day time limit for filing an appeal. During sentencing, the Court reminded Carter of the ten-day time limit and Carter acknowledged that he understood. (Feb. 29, 2008 Tr. at 39.) After requesting counsel to appeal on the day of sentencing, Carter made no attempt to inquire about the appeal in the following months. Carter also indicates that counsel was not communicative with him regarding any appeal. (Carter Aff. at ¶¶ 10–12.) Carter admits that "approximately nine months after being sentenced, [he had] not heard from attorney Edley about the appeal." (*Id.* at ¶ 10.) Carter asked his mother to contact counsel and the Fourth Circuit, but did not personally contact either counsel or the Fourth Circuit. Carter offers no explanation for why he waited nine months to begin his inquiry. Carter fails to provide any specific evidence reflecting that he diligently followed up on his appeal request or acted upon counsel's lack of communications.

Moreover, counsel's failure to timely pursue an appeal was discoverable as of March 21, 2008, when it became a part of the public record. *Wade v. Robinson*, 327 F.3d

8

328, 333 (4th Cir. 2003); *see Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008). Although Carter could have discovered his counsel's failure to appeal by March 21, 2008, "to require that he do so ignores the reality of the prison system and imposes an unreasonable burden on prisoners seeking to appeal." *Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004) (*citing Wims*, 225 F.3d at 190 n.4). While no "magic number" exists for the time afforded a reasonable prisoner to discover a promised appeal has not been filed, a petitioner must offer some evidence that he acted with due diligence. *See Ryan v. United States*, 657 F.3d 604, 607–08 (7th Cir. 2011) (finding that "a reasonable prisoner may take at least two months . . . to suspect that counsel has dropped the ball, contact counsel or the court, wait for a response, and verify the suspicion"); *Granger*, 90 F. App'x at 100 (finding petitioner acted with due diligence when two-month delayed discovery claim was supported by dated letter from his attorney and various state court filings seeking to perfect direct appeal).

Nonetheless, under the present facts, given counsel's silence, a petitioner acting with reasonable diligence would have contacted the courts and discovered that no appeal had been filed, at the very latest, within roughly a year following the date his judgment became final, or around March 2009.[5] Here, Carter was obliged to file his § 2255 Motion within one year of that date. 28 U.S.C. § 2255(f). Carter failed to do so. Carter makes

---

[5] The Court believes that if Carter acted with reasonable diligence, he would have discovered no appeal had been filed within a few months following the date his judgment became final or around July 2008. *See Ryan*, 657 F.3d at 607–08; *United States v. Crawley*, No. 3:07CR488, 2012 WL 32402, at *3 (E.D. Va. Jan. 5, 2012). Here, Carter never personally inquired about his appeal and failed even to begin an inquiry about his appeal until approximately nine months later, or around November 2008. Moreover, Carter's contention that he only learned that no appeal had been filed on April 6, 2010, an additional year and a half later, demonstrates a lack of diligence.

no argument for equitable tolling. Furthermore, considering Carter's lack of diligence, equitable tolling is not warranted. Thus, Carter's § 2255 Motion is time-barred.

Accordingly, the Government's Motion for Summary Judgment (ECF No. 37) will be granted. Carter's 28 U.S.C. § 2255 Motion (ECF No. 24) will be denied and the action will be dismissed. A certificate of appealability will be denied.[6]

An appropriate Final Order will accompany this Memorandum Opinion.

It is so Ordered.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Jan 21, 2013
Richmond, Virginia

---

[6] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Carter fails to satisfy this requirement.

10